UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ELMQUIST, on behalf of himself and all others similarly situated, | ) ) ) | C/A: 4:14-CV-3548-RBH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **FLSA COLLECTIVE ACTION** |
| FLO-PIE, INC. d/b/a MELLOW MUSHROOM; D-SHROOM, INC. d/b/a MELLOW MUSHROOM; JOHN DOE, individually; and MATT DUKE, individually, | ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

Plaintiff, Christopher Elmquist ("Plaintiff"), on behalf of himself and all others similarly situated, complaining of the acts of Defendants Flo-Pie, Inc. d/b/a Mellow Mushroom ("Flo-Pie"); D-Shroom, Inc. d/b/a Mellow Mushroom ("D-Shroom") (collectively "Mellow Mushroom"); John Doe ("Doe"); and Matt Duke ("Duke") (Mellow Mushroom; Doe; and Duke collectively "Defendants"), alleges as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff is a citizen and resident of the County of Florence, State of South Carolina, and brings this action on behalf of himself and all other similarly situated employees and former employees of Mellow Mushroom for minimum wages and overtime compensation, as well as other relief allowed under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

2.    Upon information and belief, Flo-Pie is a South Carolina corporation maintaining

offices and agents and otherwise doing business in the County of Florence, State of South Carolina.

3. Upon information and belief, D-Shroom is a South Carolina corporation maintaining offices and agents and otherwise doing business in the County of Horry, State of South Carolina.

4. Upon information and belief, Doe is a citizen and resident of the County of Florence, State of South Carolina, and an owner of Mellow Mushroom.

5. Upon information and belief, Duke is a citizen and resident of the County of Horry, State of South Carolina, and an owner of Mellow Mushroom.

6. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiff's claims under the FLSA.

7. Based upon the above, jurisdiction and venue are proper in this court and division.

**FACTS**

8. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 7 as if repeated here verbatim.

9. Mellow Mushroom owns and operates a restaurant, which has three (3) separate locations, within the Florence-Horry County area.

10. Doe exercises operational control over Mellow Mushroom; he has the authority to hire, discipline, and fire employees of Mellow Mushroom; he was involved in the decisions to set the wages and pay for Plaintiff and all other similarly situated employees; and, therefore, Doe is individually liable to Plaintiff and all other similarly situated employees.

11. Duke exercises operational control over Mellow Mushroom; he has the authority to hire, discipline, and fire employees of Mellow Mushroom; he was involved in the decisions to

set the wages and pay for Plaintiff and all other similarly situated employees; and, therefore, Duke is individually liable to Plaintiff and all other similarly situated employees.

12. Mellow Mushroom hired Plaintiff as a server around August 2012.

13. Defendants paid Plaintiff, and all other similarly situated employees, less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

14. When Plaintiff worked more than forty (40) hours in a workweek, Defendants paid him, and all other similarly situated servers, overtime pay at a rate less than Ten and 88/100 dollars ($10.88).

15. Mellow Mushroom required Plaintiff, and all other similarly situated servers, to remit a portion of their tips at the end of each shift into a mandatory tip pool ("Tip Pool").

16. Mellow Mushroom redistributed a portion of that tip pool to "back of the house" kitchen staff, who are not employees who are "regularly and customarily tipped employees."

### FOR A FIRST CAUSE OF ACTION
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

17. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 16 as if repeated here verbatim.

18. As alleged above, Plaintiff, and all other similarly situated employees, were employed by Mellow Mushroom.

19. At all times pertinent to this Complaint, Mellow Mushroom engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

20. At all times relevant to this Complaint, Mellow Mushroom' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiff, and all other similarly situated employees, worked in

3

interstate commerce so as to fall within the protection of the FLSA.

21. The business of Mellow Mushroom was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Mellow Mushroom is subject to, and covered by, the FLSA.

22. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

23. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing employers to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips is only amongst those who customarily and regularly receive tips.

24. When the employer shares the Tip Pool with back of the house staff, the Tip Pool is invalidated.

25. When the Tip Pool is invalidated, the employer can no longer enjoy the benefits of the tip credit provision, 29 U.S.C. § 203(m).

26. Without the benefit of the tip credit provision, Defendants must pay each nonexempt employee the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour.

27. Defendants have violated the FLSA, 29 U.S.C. § 206.

28. Plaintiff, on behalf of himself and all others similarly situated, seeks to recover from Defendants the amount of minimum wages due, amount remitted to the illegal tip pool, prejudgment interest, and the costs and disbursements of this action, including reasonable attorneys' fees.

29. Defendants' violation of the FLSA was without any good faith or reasonable grounds, therefore, Plaintiff on behalf of himself and all other similarly situated employees are entitled to recover liquidated damages from Defendants.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

30.   Plaintiff realleges each and every allegation contained in Paragraphs 1 through 29 as if repeated here verbatim.

31.   Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

32.   Plaintiff and all other similarly situated employees were nonexempt employees under the FLSA, and Defendants have failed to pay Plaintiff and all other similarly situated employees the proper amount for overtime hours worked.

33.   Defendants have violated the FLSA, 29 U.S.C. § 207.

34.   As such, Plaintiff, on behalf of himself and all other similarly situated employees, seeks to recover the amount of overtime wages due, prejudgment interest, and the costs and disbursements of this action, including reasonable attorneys' fees.

35.   Defendants' violation of the FLSA was without any good faith or reasonable grounds, therefore, Plaintiff on behalf of himself and all other similarly situated employees are entitled to recover liquidated damages from Defendants.

WHEREFORE, Plaintiff, and all other similarly situated employees and former employees, pray for judgment against Defendants for such an amount of actual damages as the trier of fact may find (including, but not limited to, all wages, minimum wages, and overtime wages due), liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for such other and further relief as the court deems just and proper.

6

                                                                                                                                                                                                                                                                                                                                                                                                                  

Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR CHRISTOPHER ELMQUIST, on behalf of himself and all others similarly situated**

CHARLESTON, SC

September 4, 2014