IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER ELMQUIST, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| | ) Civil Action No.:4:14-CV-3548-RBH |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| FLO-PIE, INC. d/b/a MELLOW MUSHROOM; D-SHROOM, INC. d/b/a MELLOW MUSHROOM; JOHN DOE, individually; and MATT DUKE, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the Court for review of Defendants' Motion to Reconsider, Alter and/or Amend [ECF #115]. All parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all the filings in this case.[1]

**Factual Background and Procedural History**

On September 4, 2014, Plaintiff Christopher Elmquist (hereinafter, "Mr. Elmquist" or "Plaintiff"), individually and on behalf of similarly situated employees, filed an action alleging several causes of action against Defendants based on violations of the Fair Labor Standards Act (FLSA). [ECF #1]. The crux of Plaintiffs' allegations are that Defendants' tip pool is invalid because the Defendants redistributed the tip pool to employees who are not "regularly and customarily tipped employees," in violation of the FLSA. Defendants dispute these claims and

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

argue that the specific positions in question, busser/dishwashers and cooks/chefs, are "tipped employees," as defined by the FLSA, because these employees receive more than $30.00 per month in tips. Furthermore, the cook/chefs receive tips directly from non-guest customers for catering services. These allegations were supported by affidavits of several individuals, all of which were attached to Defendants' Motion for Summary Judgment. [ECF #65]. Moreover, Defendants argue that the dishwashers at Mellow Mushroom do not simply wash dishes; rather, they also work as bussers, and often spend some portion of their time interacting with customers, performing bussing tasks, running food to tables, collecting dishes, and restocking plates and silverware. [ECF #65].

On November 11, 2015, Defendants filed a Motion for Summary Judgment [ECF #65], alleging that Plaintiffs failed to make out a prima facie case under the FLSA. Plaintiffs opposed this motion on December 18, 2015. [ECF #81]. On January 1, 2016, after reviewing Plaintiffs' response brief, Defendants filed a Motion to Strike Affidavits, the affidavits being those attached to Plaintiffs' response brief in opposition to summary judgment. [ECF #82]. Plaintiffs opposed this Motion on January 22, 2016. [ECF #89]. The Court held a hearing on several outstanding motions in this case on April 22, 2016, including the Motion for Summary Judgment and Motion to Strike Affidavits, and issued its Order on May 4, 2016. [ECF #111].

This Court first granted the motion seeking to strike Plaintiffs' affidavits supporting his response to the summary judgment motion. However, Plaintiff was allowed to substitute properly notarized affidavits in the place of the improperly notarized affidavits. This Court then granted in part, and denied in part Defendants' Motion for Summary Judgment. Specifically, after allowing

2

Plaintiffs to substitute affidavits, this Court found a genuine issue of material fact as to whether Defendants' tip pool violated the FLSA. [ECF #111]. Second, Defendants argued that Plaintiffs' claims were limited to a two-year statute of limitations because there was no evidence that Defendants "willfully violated the FLSA" when Defendants required Plaintiffs to contribute to the tip pool. The Court denied this summary judgment ground because it found that the newly submitted affidavits created a genuine issue of material fact as to this argument. [ECF #111]. Finally, this Court granted Defendants' summary judgment motion with respect to the fact that Plaintiffs are not entitled to liquidated damages for recovery of the tips paid into the alleged invalid tip pool.

In their Motion for Reconsideration, Defendants argue that the positions of cooks/chefs and bussers/dishwashers are eligible to participate in the tip pool under the FLSA as a matter of law. First, the Defendants argue that even considering Plaintiffs' affidavits, it is undisputed that cooks/chefs receive tips in excess of $30 per month for catering services. [ECF #115-1, pp. 1-2]. In response, Plaintiffs argue that the regulations do not support this argument because these individuals work "dual jobs" and because the affidavits including this testimony are not based upon personal knowledge. [ECF #119, p. 4]. Second, Defendants argue that bussers/dishwashers should not be disqualified from participating in the tip pool as "customarily and regularly tipped" employees because the actual duties performed by these individuals include direct interaction with customers. [ECF #115-1, p. 4]. In response to this argument, Plaintiffs argue that they have submitted affidavit testimony from numerous employees who have testified that these are two different positions with two different job duties, and furthermore, that the customer interaction is

3

minimal, thereby creating a genuine issue of material fact as to Defendants' claims. [ECF #119, pp. 5-6].

### Standard of Review

Motions for Reconsideration under Rule 59 are not to be made lightly. The reconsideration of a previous order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). Having reviewed the Motion, Response, and Reply, the Court concludes that the denial of summary judgment on the grounds discussed in the motion was appropriate.

### Discussion

In its text order on May 4, 2016, this Court determined that there existed a genuine issue of material facts as to whether Defendants' "back of the house" employees (i.e. cooks/chefs and dishwasher/bussers) should be considered "tipped employees" under the FLSA. In their Motion, Defendants do not point to a change in the law, new evidence, or a clear error of law that would

alter this finding. Defendants argue that even with the inclusion of Plaintiffs' affidavits, Plaintiffs have failed to dispute the fact that cooks/chefs and bussers/dishwashers receive more than $30 per month in tips. [ECF #115-1, p. 1]. However, the statute defines "tipped employee" as any employee who "customarily and regularly" receives more than $30 a month in tips. 29 U.S.C. § 203(t). The affidavits submitted by Defendants simply state that the direct tips from "catering services" average well over $30.00 per month, "when" the cooks/chefs prepare food for off-premises functions. [ECF #65-2 through 6-31]. The affidavits are unclear as to whether this is a regular monthly occurrence. The individuals who have attested to this information are silent as to how often or how frequent, whether every month, that they receive these tips (i.e. whether it is a "customary and regular" occurrence), thereby creating a genuine issue of material fact as to whether the cooks/chefs do, in fact, meet the FLSA definition of "tipped employee." Furthermore, Plaintiffs raise a genuine issue of material fact as to whether cooks/chefs who receive tips from off-premises catering events, but who primarily work in the back of the store, are considered as having "dual jobs." Accordingly, this Court finds that Defendants have not established that there was a change in the law, new evidence presented, or a clear error of law in the previous order such that this Court should grant its Motion for Reconsideration with respect to whether cooks/chefs should be considered tipped employees.

Defendants also argue that this Court should have found that the bussers/dishwashers are tipped employees as defined under the FLSA, in part, because they regularly interact with customers. Again, even assuming the analysis should focus around the actual duties performed by these employees, Plaintiffs' affidavits and declarations create a genuine issue of material fact

5


as to whether these "back of the house" employees regularly interacted with customers such that they might legally be able to participate in the Defendants' tip pool. Defendants have not pointed to a change in the law, brought forth new evidence, or attempted to correct a legal error in the previous order such that this Court should grant its Motion for Reconsideration with respect to whether bussers/dishwashers should be considered tipped employees.

## Conclusion

The Court has thoroughly reviewed the entire record, including the motion, response and reply. For the reasons stated above, Defendants' Motion to Reconsider, Alter and/or Amend [ECF #115] is **DENIED.**

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
November 2, 2016  R. Bryan Harwell
 United States District Judge