## SETTLEMENT AGREEMENT

This Settlement Agreement and General Release (hereinafter the "Agreement") is entered into by and between **Christopher Elmquist, in both his individual capacity and on behalf of all putative class members who opted into the collective action of** *Christopher Elmquist, et. al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et. al.,* **(hereinafter referred to as "Elmquist" or "Plaintiff")** and **Flo-Pie, Inc. d/b/a Mellow Mushroom; D-Shroom, Inc. d/b/a Mellow Mushroom; and Matt Duke ("Duke"), individually (hereinafter referred to as "Defendants").**[1]

Whereas, on October 4, 2014, Plaintiff commenced an action which, as amended, is now entitled *Christopher Elmquist, on behalf of himself and all others similarly situated v. Flo-Pie, Inc. d/b/a Mellow Mushroom; D-Shroom, Inc. d/b/a Mellow Mushroom; and Matt Duke, individually,* C/A 4:14-cv-03548-RBH in the United States District Court for the District of South Carolina, Florence Division (the "Lawsuit"). Plaintiff's Lawsuit includes a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq., the details of which are set forth in Plaintiff's Complaint.

Whereas, following commencement of the Lawsuit, the Court certified the case as a collective action and notice thereof was provided to all putative class members as defined in the Court's Order filed May 7, 2015. Thirty-one (31) members of that putative class have opted into this Lawsuit and authorized Elmquist to enter into this Agreement on their behalf.

Whereas, following considerable litigation regarding the underlying facts and applicable law regarding this Lawsuit, the Parties engaged in settlement discussions to resolve this case without resort to further litigation. After considerable discussion and review, the Parties agreed upon the essential terms of a settlement agreement. Plaintiffs' counsel disseminated these terms to all Plaintiffs with the express instructions to contact him if anyone objected to the settlement.[2]

---

[1] Plaintiffs and Defendants are collectively referred to herein as the "Parties."
[2] In the action *Lynch v Dining Concepts Group, LLC*, 2:15-cv-580-PMD, Honorable Patrick Michael Duffy instructed Plaintiffs' counsel (same attorneys as in this action) to follow this procedure with a class of sixty-two (62) plaintiffs. After receiving no objections, Judge Duffy approved the settlement.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

Plaintiffs' counsel has received no objections to this settlement. This Agreement, therefore, is intended to reduce those terms to a more formal agreement to be signed by Elmquist and Defendants.

Wherefore, for the mutual bargains and exchanges set forth herein, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants hereby agree as follows:

1. <u>Payment to Plaintiffs</u>. Defendants shall make the following payments to Plaintiffs in the manner set forth in EXHIBIT 1,[3] which is attached hereto and incorporated herein by reference:

    A. <u>Total Award</u>: $205,000.00 as allocated below.

    B. <u>Allocation of Award</u>:

        a. Ninety-Two Thousand Six Hundred Fifty-Two and 96/100 dollars ($92,652.96) of the Total Award will be allocated as attorney's fees ($85,666.50), plus all actual costs ($6,986.46), shall be payable to Bruce E. Miller, P.A.[4] This award is commensurate with the Court's Text Order (ECF 150);

        b. Four-Thousand and 00/100 dollars ($4,000.00) shall be payable to Elmquist in consideration for his services as class representative ("Elmquist Service Award"). This payment shall not be subject to

---

[3] Plaintiffs' Counsel prepared EXHIBIT 1 based on the proportional amount of total, potential damages.

[4] Defendants will pay Plaintiffs' counsel's firm $15,320.81 less than this figure as an offset to resolve the agreement reached by Plaintiffs' counsel and Defendants to resolve Defendants' Motion for Sanctions (ECF 116), which has been withdrawn. The net payment from Defendants to Bruce E. Miller, P.A. will be $77,332.15.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

      payroll withholding and shall be reflected on an IRS Form 1099 for tax reporting purposes;

c. Two-Thousand and 00/100 dollars ($2,000.00) shall be payable to Amanda Blair Martin in consideration for her participation in mediation ("Martin Service Award'). This payment shall not be subject to payroll withholding and shall be reflected on an IRS Form 1099 for tax reporting purposes;

d. Two-Thousand and 00/100 dollars ($2,000.00) shall be payable to Harley Pinto-Williams in consideration for her participation in the lawsuit ("Pinto Service Award"). This payment shall not be subject to payroll withholding and shall be reflected on an IRS Form 1099 for tax reporting purposes;

e. The remainder of the Award ($104,347.04) shall be divided amongst Plaintiffs on a pro-rata basis pursuant to and in accordance with the payment schedule set forth in EXHIBIT 1.[5]

    i. For each payment amount due to each Plaintiff, Defendants shall allocate one-half the amount to back wages and one-half the amount to liquidated damages.[6]

    ii. Each payment representing back wages shall be paid in a gross amount subject to standard payroll tax withholding and reflected on an IRS Form W-2 for tax reporting purposes.

---

[5] The list of Putative Class Members sent by Defendants to Simpluris, the Third-Party Administrator, resulted in twelve (12) individuals, whose damages were outside of the maximum statute of limitations, joining this lawsuit. To obtain a release from these individuals, a nominal amount of one hundred ($100.00) dollars is awarded to each person.

[6] If there is an "odd" amount, Defendants may place the $0.01 on the liquidated damages portion.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

        iii.    Each payment representing liquidated damages shall not be subject to payroll tax withholding and shall be reflected on an IRS Form 1099 for tax reporting purposes.

    C.    <u>Manner of Payment</u>:  Defendants shall cause all payments to be post-marked and mailed first class through the U.S. Postal Service to all Plaintiffs and Plaintiffs' counsel within ten (10) calendar days of court approval or ten (10) calendar days of receipt of mailing addresses from Plaintiffs' counsel, whichever is the later date. [7]  If this payment date falls on a Saturday, Sunday, or holiday, the payment shall be postmarked and mailed the next business day.

    D.    <u>Return of Payment</u>:  If any payment is returned to Defendants, Defendants shall promptly advise Defendants' counsel who shall promptly advise Plaintiffs' counsel of the name(s) of the individual(s).  Defendants shall hold these checks in trust until they receive a current mailing address at which time they will forward via U.S. Mail.  If Plaintiffs' counsel learns of new or updated addresses for any individuals on Exhibit 1, he shall promptly forward these addresses, via email, to Defendants' counsel.

    E.    <u>Jurisdiction</u>.  The United States District Court for the District of South Carolina, Florence Division, shall retain jurisdiction to ensure compliance with the terms of this Agreement until it is dismissed, ten (10) days following payments.

2.    <u>Non-Admission</u>.  This Agreement does not constitute an admission by Defendants of any violation of any law or statute.  Neither this Agreement nor the furnishing

---

[7] Within two (2) business days of the Joint Motion to Approve Settlement being filed, Plaintiffs' counsel shall email, in electronic form, a list of all Plaintiffs with their last-known mailing address to Defendants' counsel.  If Plaintiffs' counsel learns of any address changes, before all payments have been made under EXHIBIT 1, they will promptly notify Defendants' counsel.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

      of consideration shall be deemed, or construed for any purpose, as evidence or an admission of liability or wrongful conduct of any kind.  This Agreement shall not be admissible as evidence against Defendants in any current or future proceeding except an action to enforce the terms of this Agreement.  Furthermore, Defendants shall have the right to introduce this Agreement as an absolute and final defense to any claim released herein if brought in any other proceeding of any kind.

3.    <u>Release of Claims of Elmquist</u>.  In consideration of the payments, benefits and agreements provided pursuant to this Agreement, the sufficiency of which is hereby acknowledged, and upon the Court's approval of the Agreement, Elmquist, on behalf of himself and his executors, heirs, administrators, representatives and assigns, and any person or entity who may claim by or through him, hereby agrees to release, forever discharge, and not sue Defendants, their predecessors and/or successors, and all of their past and present members, managers, investors, directors, shareholders, officers, general or limited partners, employees, attorneys, agents and representatives, and employee benefit plans in which Elmquist is or has been a participant by virtue of his employment with Defendants (the "Released Parties"), from any and all claims, debts, demands, accounts, judgments, rights, causes of action, equitable relief, damages, costs, penalties, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including attorneys' fees and costs), whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected (collectively, "Claims"), which Elmquist has or may have had against such Released Parties arising out of his employment with Defendants, including those based on the Defendants' failure to pay him minimum wages, overtime wages, and any related claims regarding wages that were raised in the Lawsuit in this action, including but not limited to, claims under the Fair Labor Standards Act, 28 U.S.C. § 201, *et seq*.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

>
> Elmquist further releases the Released Parties from any and all known or unknown claims of any nature which he has or may have had against the Released Parties as of the date of this Agreement. This Agreement excludes the release of claims not permitted by law.
>
> Elmquist represents that he knows of no claim that has not been released by this Paragraph. Plaintiff acknowledges and agrees that he is not entitled to receive any consideration not set forth in this Agreement.

4. <u>Release of Claims of Plaintiffs</u>.  In consideration of the payments, benefits and agreements provided pursuant to this Agreement, the sufficiency of which is hereby acknowledged, and upon the Court's approval of the Agreement, Plaintiffs, on behalf of themselves and their executors, heirs, administrators, representatives and assigns, and any person or entity who may claim by or through them, hereby agree to release, forever discharge, and not sue the Defendants, their predecessors and/or successors, and all of their past and present members, managers, investors, directors, shareholders, officers, general or limited partners, employees, attorneys, agents and representatives, and employee benefit plans in which any Plaintiff is or has been a participant by virtue of their employment with Defendants (the "Released Parties"), from any and all claims or causes of action arising from Defendants' failure to pay them minimum wages, overtime wages, and any related claims regarding wages that were raised in the Lawsuit in this action, including but not limited to, claims under the Fair Labor Standards Act, 28 U.S.C. § 201, *et seq*. (collectively, "Claims").

    The receipt of complete payment by any individual Plaintiff shall constitute an accord, satisfaction, and release of any and all wage and hour claims said individual Plaintiff had or may have had against Defendants arising out of their employment with Defendants.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

5. <u>Withdrawal and Dismissal of Claims</u>.  The Parties authorize their respective counsel to file a Stipulation of Dismissal with prejudice with this Court within ten (10) days after Defendants mail payments in Section 1C above.

6. <u>Payment of Applicable Taxes</u>.  Plaintiffs acknowledge that neither Defendants, Defendants' counsel, nor Plaintiffs' counsel have given Plaintiffs any advice concerning the taxability of the payments to be made to them or on their behalf under this Agreement.  Notwithstanding the foregoing, Plaintiffs acknowledge they are and shall be solely responsible for all federal, state, and local taxes that may be owed by them by virtue of their receipt of any monetary payments provided under this Agreement.

7. <u>Transfer of Claims</u>.  Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim.  Plaintiffs further warrant that there is nothing that would prohibit them from entering into this Agreement.

8. <u>Breach</u>.  If either party to this Agreement materially breaches or threatens to materially breach this Agreement and/or commence a suit, action, or complaint in contravention of this Agreement, the non-breaching party may file a motion with this Court to seek any and all relief available to it at law or in equity, including the recovery of the reasonable attorney's fees and costs incurred by the party in enforcing its rights hereunder.

9. <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between the Parties with respect to the release of claims by Plaintiffs in favor of Defendants.  This Agreement shall not be changed unless in writing and signed by all Plaintiff and Defendants.10. <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

11. <u>Acknowledgement</u>.  The Parties acknowledge that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that The Parties enter into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein.  The Parties further acknowledge and represent that they assume the risk for any mistake of fact now known or unknown, and that the Parties understand and acknowledge the significance and consequences of this Agreement and represent that its terms are fully understood and voluntarily accepted.  The Parties also acknowledge: (a) that they have consulted with or have had the opportunity to consult with an attorney of their choosing concerning this Agreement and have been advised to do so; and (b) that they have read and understand this Agreement, are fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or their attorney's advice.  The Parties acknowledge that they have been given a reasonable time to consider the terms of this Agreement.

12. <u>Choice of Law.</u>  This Release is to be interpreted pursuant to the laws of South Carolina, except where federal law applies.

13. <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original and together shall constitute one and the same Agreement.

**BY PLAINTIFF:**

**Christopher Elmquist**

_____
Signature

_____
Date

*Christopher Elmquist, et al. v. Flo-Pie, Inc. d/b/a Mellow Mushroom, et al.*
*Settlement Agreement*

**BY DEFENDANTS:**

**Flo-Pie, Inc. d/b/a Mellow Mushroom**

By: _____

Its: _____

Date: _____

**D-Shroom, Inc. d/b/a Mellow Mushroom**

By: _____

Its: _____

Date: _____

**Matt Duke**

_____

Date: _____

## Exhibit 1

| Last Name | First Name | Settlement Payment |
|---|---|---:|
| Atkinson | Mylee | $9,067.74 |
| Aycock | Amanda M. | $3,743.91 |
| Berger | Emily | $100.00 |
| Burroughs | Dajon | $100.00 |
| Burroughs | Allen | $100.00 |
| Dasilva | Arial | $100.00 |
| Doriety | Kyle | $9,798.69 |
| Eiler | Corbin | $100.00 |
| Elmquist | Christopher | $4,625.49 |
| Filpi | Dominique | $2,766.70 |
| Garrett | Rachel Leigh | $3,889.61 |
| Gause | Stephen | $6,650.19 |
| Grissett | Kelly | $4,987.86 |
| Harris | Kristen | $100.00 |
| Hayes | Katorah | $100.00 |
| Hite | Mickie | $110.71 |
| Hornyak | Elias | $16,487.08 |
| King | Andrew | $100.00 |
| King | Isaiah | $100.00 |
| Martin | Amanda Blair | $4,559.80 |
| Mitropoulos | Christos | $100.00 |
| Owens | Chelsea | $100.00 |
| Pinto-Williams | Harley | $8,103.85 |
| Pitts | Jacob | $1,719.87 |
| Price | Matthew | $9,467.75 |
| Reasoner | Shane | $100.00 |
| Smith | Billie E. | $8,665.50 |
| St. John | Seth | $681.35 |
| Vaught | Lashander | $2,982.87 |
| Walker | Kevin | $3,149.75 |
| Webb | Nora | <u>$1,688.32</u> |
| | | $104,347.04 |