UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ELMQUIST, on behalf of himself and all others similarly situated, | ) ) ) | C/A: 4:14-cv-3548-RBH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER APPROVING SETTLEMENT** |
| FLO-PIE, INC. d/b/a MELLOW MUSHROOM; D-SHROOM, INC. d/b/a MELLOW MUSHROOM; JOHN DOE, individually; and MATT DUKE, individually, | ) ) ) ) ) ) ) ) | **UNDER THE FAIR LABOR STANDARDS ACT** |
| Defendants. | ) ) ) | |

This matter comes before the Court by way of a Joint Motion. The attorneys for Plaintiffs and Defendants (jointly "Parties") request approval of the Settlement Agreement reached between Christopher Elmquist, individually, and on behalf of all other opt-in Plaintiffs (hereafter collectively referred to as "Plaintiffs") and Defendants.

Plaintiffs alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA"), in particular, by violating § 203(m), the Tip Credit. Defendants denied any liability under the FLSA and have pled various defenses. The Parties consented to the conditional certification of a collective action. Thereafter notice was provided to the putative plaintiffs, and thirty-one (31) individuals joined as opt-in Plaintiffs. There are disputes between the Parties as to the underlying facts and the controlling law. Defendants deny any liability under the FLSA; however, acknowledge that Plaintiffs are a prevailing party under the FLSA.

The Parties believe the settlement reached and agreed upon to be a fair and reasonable

Order Approving Settlement under FLSA
C/A No. 4:14-cv-3548-RBH

settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation. A copy of the Settlement Agreement was attached to the Joint Motion.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendants, and review of the Settlement Agreement,[1] I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

A total of thirty-one (31) individuals have opted into this case to-date. The receipt of total payment by any of these individuals shall constitute an accord, satisfaction, and release of any and all wage and hour claims any such individual may have against the Defendants arising out of their employment with Defendants.

Based upon the Parties' joint request to approve the settlement and after review of the

---

[1] The Settlement Agreement has been approved by counsel for the Parties and signed by the Named Plaintiff. Plaintiffs' counsel has outlined the settlement and its terms to each Plaintiff, along with the amount of money the individual will receive from the settlement, and thereafter has received no objections to the settlement.

Order Approving Settlement under FLSA
C/A No. 4:14-cv-3548-RBH

Settlement Agreement, the court approves the Settlement Agreement as requested by the Parties.

The court shall retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been made and a stipulation of dismissal is filed.

    **IT IS ORDERED** that the terms of the settlement in this action are approved.

| | |
|---|---|
| May 2, 2017 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |